Date signed April 04, 2007



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| GWENDOLYN JONES | : | Case No. 04-14214PM |
| | : | Chapter 13 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| GWEN JONES | : | |
| TIMOTHY P. BRANIGAN, Trustee | : | |
| Plaintiffs | : | |
| vs. | : | Adversary No. 06-2012PM |
| CELESTINE PRESSLEY | : | |
| BANKERS TITLE AND | : | |
| SETTLEMENTS, INC. | : | |
| LAWONNE E. BOOKER | : | |
| OPTION ONE MORTGAGE CORP. | : | |
| Defendants | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| CELESTINE PRESSLEY | : | |
| OPTION ONE MORTGAGE CORP. | : | |
| BANKERS TITLE AND | : | |
| SETTLEMENTS, INC. | : | |
| Counter-Claimants | : | |
| vs. | : | |
| GWEN JONES | : | |
| TIMOTHY P. BRANIGAN, Trustee | : | |
| Counter-Defendants | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**
(Motion for Summary Judgment filed by Celestine Presley)

Defendant Celestine Pressley's Motion for Summary Judgment is based on two grounds, Debtor's lack of standing to bring this action and that she is entitled to judgment as a matter of law, because she is a bona fide purchaser for value of the subject real property known as 14319 Bald Hill Court, Burtonsville, Maryland.

This case involves the application of emergency legislation known as the Protection of Homeowners in Foreclosure Act that is found in MD. CODE ANN. REAL PROP. §§ 7-301--7-315,[1] that became effective May 22, 2005,. Generally, the purpose of the legislation was to frustrate efforts by miscreants to steal the equity in property from homeowners facing foreclosures. Typically, their schemes involved sales and leases of the property back to the homeowners and transfers of the equities of redemption.[2] The legislation specifies the use of notices in the nature of a Miranda warning to be given to the homeowners and permits rescission after a conveyance by the homeowner. In addition, the legislation imposes requirements on third parties purchasing the property from what are termed "foreclosure consultants." This case involves a controversy between a third-party purchaser, Celestine Pressley ("Ms. Pressley"), and the Debtor, Gwendolyn Jones.

The record in this case is not a lucid one. It is alleged that a foreclosure action was docketed against the subject property on June 15, 2005. Complaint ¶20. Ms. Pressley's response to this paragraph of the Complaint that she is without knowledge to form a belief of this allegation is a sham, inasmuch as this information is readily ascertainable from either a review of the court records or the title report that was prepared in connection with the transfer. Somehow, and most likely as a result of intercession of third-parties, both the Debtor and Ms. Pressley appeared at the office of Bankers Title and Settlements, Inc. ("BT&S"), in Greenbelt, Maryland, on July 13, 2005. There is no sales contract in the record, but the court has the benefit of the following documents:

(1) <u>Settlement Statement reflecting the sale of the property known as 14319 Bald Hill</u>

---

[1] All further statutory references are to this statute.

[2] *See also,* FORECLOSURE SCAMS - DON'T FALL PREY TO A FORECLOSURE SHARK! *The Consumer's Edge*, Consumer Protection Division, Maryland Attorney General's Office, Issue No. 124.

<u>Court, Burtonsville, Maryland, 20866, for the sum of $315,000</u>.  The Settlement Statement consists of five pages.  Two of these pages are the HUD-1 form required to be used in real estate transactions pursuant to Section 4 of the Real Estate Settlement Procedures Act, and the other three pages are associated with it.  One page lists disbursements made on behalf of the Debtor, another signed by the Debtor, Ms. Pressley, and the settlement agent acknowledges receipt of the HUD-1 and says the entries thereon are true and correct, and the third acts to exonerate Bankers Title and Settlements, Inc., to authorize it to receive a commission on the title insurance premium and to authorize it to make corrections of its computations and adjustments.

      (2)  <u>Deed from Debtor Jones to Ms. Pressley</u>.

      (3)  <u>Certification of Exemption from withholding upon disposition of Maryland real estate</u>.  The Certification is signed by the Debtor.

      (4)  <u>Adjustable rate Note</u>.  The Note is in the sum of $299,250.00 and signed by Ms. Pressley, together with a prepayment Note Addendum.

      (5)  <u>Agreement signed by Ms. Pressley and Debtor Jones</u>.  While no one produced a sales contract that reflected the price and terms of the sale, there was an agreement between Ms. Pressley and the Debtor.  The Agreement (Exhibit D to Declaration of Celestine Pressley in support of Motion for Summary Judgment) states in its entirety:

> July 13, 2005
>
> This formal agreement between Celestine M. Pressley and Gwendolyn Jones states that Celestine M. Pressley will purchase Gwendolyn Jones' home located at 14319 Bald Hill Court, Burtonsville, MD 20866 and will hold this property until July 13, 2006.  Mrs. Pressley has mortgage payments for a year in advance.  After this time Ms. Jones will be eligible to purchase the home for whatever the loan amount is worth.  If Ms. Jones can not afford to purchase the property at that time, Ms. Gwendolyn Jones will pay rent equivalent to the mortgage in the amount of [illegible] monthly until December 2006.  After December 2006, Ms. Pressley will have the option to continue to rent to Ms. Jones or to sell the property.
>
>    /s/
> Celestine Pressley
>
>    /s/
> Gwendolyn Jones

It cannot be disputed that a foreclosure consultant, as defined under § 7-301(b), was somehow involved in this activity in rendering at least one foreclosure consulting service as described in § 7-301(d)(6).  Ms. Pressley was a foreclosure purchaser under § 7-301(e), and the

Presley/Jones agreement is a foreclosure reconveyance as described under § 7-301(f).

While the joining of the Trustee as the plaintiff moots the issue of standing, there remains the issue of whether Ms. Pressley is entitled to the safe harbor of § 7-311(e) that provides:

> (e) **Rights of a bona fide purchaser or lender**. -- A bona fide purchaser for value or bona fide lender for value who enters into a transaction with a homeowner or a foreclosure purchaser when a foreclosure consulting contract is in effect or during the period when a foreclosure reconveyance may be rescinded, without notice of those facts, receives good title to the property, free and clear of the right of the parties to the foreclosure consulting contract or the right of the homeowner to rescind the foreclosure reconveyance.

The relevant portion of Ms. Pressley's affidavit states that she had no knowledge of anything referencing or relating to a foreclosure, and that the first knowledge that she had there was a foreclosure action pending at the time of the transaction was from a letter written by Debtor's attorney, and, further, that at the time she met Debtor Jones at the closing of the transaction, there was nothing said to her about the pending foreclosure. Some of the Defendants have proffered the argument that Debtor's failure to disclose her bankruptcy filing to persons unknown to her was fraudulent.

Part of Debtor's opposition to the Motion for Summary Judgment is based upon the proposition that the docketing of the foreclosure constituted *lis pendents* under Maryland law. This proposition has no merit. If this were the law, then § 7-311(e) would have no application whatsoever, because this remedial Act only is relevant if a residence is in foreclosure. Section 7-301(j). Plaintiff also relies upon the Affidavit of Calvin I. Wink, Jr., an investigator for the Maryland Department of Labor Licensing and Regulation. The Wink Affidavit contains a copy of the gift letter, a portion of the settlement file for this transaction, that reflects a gift of $23,000.00 to Defendant Pressley by her "brother," David Harris. The Affidavit states there is no relationship between these parties.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as matter of law. The burden of showing that no genuine issue of material fact exists rests initially on the moving party, but this burden may be discharged by the showing that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no issue for trial unless the non-moving party can demonstrate that there is sufficient evidence favoring it so that a finder of fact could return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249

(1986).  In making this decision, the court must view all the facts in the light most favorable to the non-moving party.

The transaction before the court is remarkable in its absence of a sales contract, an apparent absence of any negotiations, and the strange provision for repurchase of the home "for whatever the loan amount is worth."  These provisions, combined with the statement, apparently false, about the gift of funds from the "brother," give the court sufficient pause to require that there be a full hearing on the merits.  The court finds for the purpose of this motion that all the justifiable inferences that may be drawn from this extraordinary transaction outweigh the Defendant's affidavit stating her lack of knowledge of the pending foreclosure.  The better course in this case is to allow this case to go forward to trial.  Cf. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255.  The Motion for Summary Judgment will be denied.

An appropriate order will be entered.

cc:
Scott C. Borison, Esq., 5500 Buckeystown Pike, Frederick, MD 21703
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902
Harvey A. Levin, Thompson Coburn, 1909 K Street, NW, #600, Washington, DC 20006
Josue Pierre, Esq., 7474 Greenway Center Drive, #820, Greenbelt, MD 20770
Richard J. Link, Esq., 8601 Georgia Avenue, #905, Silver Spring, MD 20910
Martin H. Schreiber II, Esq., 3600 Clipper Mill Road, #201, Baltimore, MD 21211

**End of Memorandum**