Date signed May 07, 2007



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | |
|---|---|
| IN RE: : | |
| : | |
| GWENDOLYN JONES : | Case No. 04-14214PM |
| : | Chapter 13 |
| Debtor : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - : | |
| GWEN JONES : | |
| TIMOTHY P. BRANIGAN, Trustee : | |
| Plaintiffs : | |
| vs. : | Adversary No. 06-2012PM |
| CELESTINE PRESSLEY : | |
| BANKERS TITLE AND : | |
| SETTLEMENTS, INC. : | |
| LAWONNE E. BOOKER : | |
| OPTION ONE MORTGAGE CORP. : | |
| Defendants : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - : | |
| CELESTINE PRESSLEY : | |
| OPTION ONE MORTGAGE CORP. : | |
| BANKERS TITLE AND : | |
| SETTLEMENTS, INC. : | |
| Counter-Claimants : | |
| vs. : | |
| GWEN JONES : | |
| TIMOTHY P. BRANIGAN, Trustee : | |
| Counter-Defendants : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - : | |

**MEMORANDUM OF DECISION**
(Motions for Summary Judgment and Motions to Dismiss Filed by
Celestine Pressley, Option One Mortgage Corp., and Bankers Title and Settlements, Inc.)

This adversary proceeding came before the court for a hearing on motions for summary judgment filed by Option One Mortgage Corp. ("Option One") and by Bankers Title and Settlements, Inc. ("Bankers Title").  Two days following the argument thereon, there was filed a Stipulation of Dismissal of Plaintiffs' Claims Against Option One and Option One's Counterclaims Against Plaintiffs (Docket Entry No. 101).  There is also before the court Bankers Title's Motion to Dismiss this adversary proceeding for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b) or, in the alternative, for abstention pursuant to 28 U.S.C. § 1334(c).  A similar motion was filed by the Defendant Celestine Pressley.

This proceeding deals with the application of emergency legislation known as the Protection of Homeowners and Foreclosure Act that is found in MD. REAL PROP. CODE ANN. §§ 7-301--7-315 that became effective May 22, 2005.  The transaction in question by which Debtor deeded certain real property to Celestine Pressley is described in this court's Memorandum of Decision on the Motion for Summary Judgment filed by Celestine Pressley on April 24, 2007, Docket Entry No. 85.  The court will not rule on the motions for summary judgment filed by Option One and Bankers Title, but will grant the motion to dismiss for the lack of subject matter jurisdiction at this point in the proceeding.

Federal Courts are courts of limited jurisdiction, and Bankruptcy Courts are courts of extremely limited jurisdiction.  Federal Courts may exercise only the authority conferred by Article III of The Constitution and affirmably granted by Federal Statute.  *Cooper v. Productive Transport Services*, 147 F.3d 347, 352 (CA4 1998).  A court lacking jurisdiction must dismiss the case at any stage of the proceedings at which it becomes apparent that jurisdiction is lacking.  Here, as noted in the deposition taken of the Chapter 13 Trustee, the only party with standing to bring this action, the situation is now that all of the Debtor's creditors filing claims have been paid in full.  These facts taken from the deposition of the Chapter 13 Trustee are set forth in the motion filed by the Defendant Pressley (D.E. 85).  The Trustee testified that he has made all required distributions under Debtor's Chapter 13 Plan.  All creditors filing claims have been paid in full.  The only reason this case under Chapter 13, as distinguished from this Adversary Proceeding, remains open is because of the pendency of this Adversary Proceeding.  The absence of subject matter jurisdiction may be raised at any time.  *New Horizon of NY LLC v. Jacobs*, 231 F.3d 143, 150 (CA4 2000).

Jurisdiction of Bankruptcy Court cases is conferred by 28 U.S.C. § 1334(b) that provides:

**28 U.S.C. § 1334.  Bankruptcy cases and proceedings**

> (b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the districts courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

This is clearly not a civil proceeding arising under Title 11, nor does it arise in the bankruptcy case.  If there is jurisdiction existing at this time, it could only be "related to" jurisdiction.  As in the case of *In re Tomasevic*, 279 B.R. 358 (BC M.D. Fla. 2002), a case involving a post-petition dispute brought by the debtor under the Real Estate Settlement Procedures Act, this action cannot impact or impair the court's administration of the bankruptcy case.  For all intents and purposes, that administration was completed with the payment of all creditors filing claims.

The Fourth Circuit has adopted the test of *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (CA3 1984), in ascertaining the extent related to "jurisdiction."  One part of this test is whether the matter before the court in "any way impacts upon the handling and administration of the bankruptcy estate." *New Horizon of NY LLC v. Jacobs*, 231 F.3d at 151.  The court goes on to say," In this circuit, a civil case is related to bankruptcy if the outcome of [the civil] proceeding could conceivably have any effect on the estate being administered in bankruptcy." *See also, A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1102, n.11 (CA4 1986).  With the completion of the Debtor's obligations under the Chapter 13 Plan and the subsequent discharge that must be entered pursuant to 11 U.S.C. § 1128(a), there is not the slightest tangential connection to the administration of this bankruptcy case.  As in the case of *In re Brown*, 300 B.R. 871 (D. Md. 2003), the Debtor cannot make out a case as to why this Adversary Proceeding concerns the implementation or execution of the confirmed and consummated Plan.

If the court were not to dismiss this Adversary Proceeding for want of jurisdiction, it most likely would abstain from the exercise of jurisdiction pursuant to 28 U.S.C. § 1334(c).  This is an action brought under a new state law enacted as an emergency matter less than two years ago.  There are no published state court decisions.  The Debtor could have brought this action in the Maryland courts while this bankruptcy case was pending. The court will dismiss the Adversary Proceeding for want of subject matter jurisdiction.  An appropriate order will be entered.

cc:
Scott C. Borison, Esq., 5500 Buckeystown Pike, Frederick, MD 21703
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902
Harvey A. Levin, Thompson Coburn, 1909 K Street, NW, #600, Washington, DC 20006
Josue Pierre, Esq., 7474 Greenway Center Drive, #820, Greenbelt, MD 20770
Richard J. Link, Esq., 8601 Georgia Avenue, #905, Silver Spring, MD 20910
Martin H. Schreiber II, Esq., 3600 Clipper Mill Road, #201, Baltimore, MD 21211

**End of Memorandum**